IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KHC ENTERPRISES LLC,
(d/b/a KC Hemp Co.)

*Plaintiff,*

vs.

Case No. 19-CV-2718-EFM-ADM

KC HEMP COMPANY, LLC

*Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff KHC Enterprises LLC brought this suit in the District Court of Johnson County, Kansas.  It asserts two causes of action: common law unfair competition and common law trademark infringement.  Defendant KC Hemp Company removed the case to this Court.  Plaintiff has now filed a Motion to Remand for lack of subject matter jurisdiction (Doc. 7).  Because the Court concludes that it lacks subject matter jurisdiction, and for the reasons stated in more detail below, the Court grants Plaintiff's motion and remands the case to state court.

**I.       Factual and Procedural Background**

On October 31, 2019, Plaintiff filed suit against Defendant in the District Court of Johnson County, Kansas.  In its Petition, Plaintiff alleges that it created a brand, "KC Hemp Co.," in May 2018 and bought the domain name "https://kchempco.com/" on May 8, 2018.  It also registered and organized to do business as a limited liability company in Kansas on May 21, 2018.  Plaintiff

used its brand in all aspects of its business, including its website and physical location in Overland Park, Kansas.  Plaintiff also registered as a foreign limited liability company in Missouri under "KC Hemp Co. LLC."

Plaintiff alleges that, on March 20, 2019, Defendant purchased a confusingly similar domain name, "http:/kchempcompany.com."  Defendant also registered with the state of Kansas as a limited liability company on April 4, 2019.

Plaintiff mailed Defendant a "cease and desist" letter in July 2019 to Defendant's address on record with the State of Kansas.  This letter was returned to Plaintiff's counsel because it was unable to be delivered.  Plaintiff mailed another "cease and desist" letter in September 2019 to Defendant's registered agent and to two email addresses listed on Defendant's website.  Defendant did not respond to Plaintiff's letter.

In Plaintiff's "cease and desist" letter to Defendant, Plaintiff stated that it was also serving notice on Defendant that it intended to obtain federal rights to its brand through application to the United States Patent and Trademark Office ("USPTO").  Plaintiff followed through with its assertion on September 19, 2019 and completed an application with the USPTO for its brand. Within one hour of Plaintiff's application, Defendant filed an application with the USPTO to register its name.  Plaintiff's application stated that it first started using the brand in May 2018. Defendant's application stated that it first started using the name in June 2019.

Plaintiff's suit in state court alleges two causes of action against Defendant.  Its first claim is for common law unfair competition.  Plaintiff asserts that Defendant marketed its goods and services in a way to cause confusion between its goods and services and Plaintiff's.  Plaintiff also asserts a claim for common law trademark infringement.  In this claim, Plaintiff contends that Defendant infringed on Plaintiff's brand, KC Hemp Co.

On November 22, 2019, Defendant filed a Notice of Removal to this Court.  Defendant

asserts that the application of the Lanham Act is the primary issue in the case.  Defendant also

contends that Plaintiff's state law claims are preempted by the Lanham Act.  Within 30 days of

Defendant's removal, Plaintiff filed this Motion to Remand asserting that the Court lacks subject

matter jurisdiction because Plaintiff only asserts state law claims against Defendant and there is

no basis for diversity jurisdiction.

## II.     Legal Standard

If an action originally filed in state court could have been heard in federal court, it can be

removed to federal court.[1]  The federal court must have a statutory or constitutional authority to

hear the case in order to satisfy its limited jurisdiction.[2]     "[T]he propriety of removal is judged

on the complaint as it stands at the time of the removal."[3]  "Under the 'well-pleaded complaint'

rule, the plaintiff is considered the 'master of the claim' and thus the federal question giving rise

to jurisdiction must appear on the face of the complaint."[4]  "The well-pleaded complaint rule also

means that federal-question jurisdiction may not be predicated on a defense that raises federal

issues."[5]  Thus, "a plaintiff's anticipation of a defense based on federal law is not enough to make

the case 'arise under' federal law; nor is a defendant's assertion of a defense based on federal law

---

[1] 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[2] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850).

[3] *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) (citation omitted).

[4] *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003) (citation omitted).

[5] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

a proper basis for removal."[6]  A federal court must remand the action to state court "if at any time

before final judgment it appears that the district court lacks subject matter jurisdiction."[7]

### III.    Analysis

#### A.    Jurisdictional Issues

Plaintiff asserts multiple, valid arguments as to why this case should be remanded to state

court.  First, Plaintiff contends that it does not allege any federal claim in its Petition and instead

only alleges state law claims.  In this case, Plaintiff brings two claims: common law unfair

competition and common law trademark infringement.   Second, Plaintiff asserts that numerous

court opinions from the District of Kansas recognize that common law unfair competition claims

and state trademark infringement actions are separate from federal actions brought under the

Lanham Act.[8]  Third, the District of Kansas previously remanded a case to state court when the

plaintiff's claims were based on Kansas state trademark law rather than federal trademark law.[9]

Fourth, there is no basis for diversity jurisdiction as both Plaintiff and Defendant are from Kansas

and the damages in the Petition are not for a specified amount.  And fifth, there is a presumption

against removal jurisdiction.[10]

---

[6] *Id*. (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996)).

[7] 28 U.S.C. § 1447(c).

[8] *See ClaimSolution, Inc. v. Claim Solutions, LLC*, 2017 WL 2831330, at *1 (D. Kan. 2017) (noting that the plaintiff brought trademark infringement claims under both federal law and common law); *Triple-I Corp. v. Hudson Associates Consulting, Inc.*, 713 F. Supp. 2d 1267, 1286 (D. Kan. 2010) (noting that "[i]n Kansas, unfair competition under the common law requires the same elements as under Section 43(a) of the Lanham Act").

[9] *See Toytrackerz LLC v. Am. Plastic Equip., Inc*., 615 F. Supp. 2d 1242, 1247-48 (D. Kan. 2009) (noting that the plaintiff filed the case in state court asserting Kansas trademark infringement and common law claims and remanding the case to state court because there was no basis for federal jurisdiction).

[10] *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (noting the presumption against federal jurisdiction and the removing party's burden to establish by a preponderance of evidence the existence of federal

Defendant fails to address the majority of Plaintiff's arguments.   Indeed, Defendant

concedes that Plaintiff only brings state law claims.  It claims, however, that although the Petition

does not contain causes of actions based upon the federal trademark applications, it raises issues

involving the federal applications.  Defendant contends that its defense, that it has the right to use

the trademark under the Lanham Act, completely and fully preempts the state common law cause

of action.  Defendant provides no law to support its assertion.[11]  Indeed, several courts, across the

country have concluded otherwise and found that the Lanham Act does not preempt state law.

"[T]he Lanham Act does not expressly preempt state law, and courts have said that it does not

occupy the field . . . ."[12]  In addition, the law is clear that "an unregistered trademark can be

enforced under state common law, or if it has been registered with the State, under that State's

registration system."[13]  Thus, Defendant's argument that Plaintiff's state law claims are preempted

by the Lanham Act is without merit.

Defendant also contends that the face of the Petition raises federal trademark issues.[14]

Plaintiff alleges in its Petition that it informed Defendant in its cease and desist letter that Plaintiff

---

jurisdiction).  Plaintiff asserts several additional arguments, but the Court finds it unnecessary to address them as the Court already recounted five valid arguments.

[11] The Court notes that Defendant cites to only three cases in its response. None of the cases were from the Tenth Circuit or the District of Kansas.  Only one of the cases included a proper citation that allowed the Court the ability to locate the case, and that Fifth Circuit case did not address trademark law or unfair competition claims.

[12] *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 409 (9th Cir. 2015) (citing *Mariniello v. Shell Oil Co.*, 511 F2d 853, 857 (3d Cir. 1975), *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 41 (1st Cir. 2006)); *see also JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007) (noting that "the Lanham Act has not been interpreted as a statute with broad preemptive reach"); *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 619 (S.D.N.Y. 2012) (noting that the "the Lanham Act does *not* preempt state law").

[13] *Matal v. Tam*, --- U.S. ---, 137 S. Ct. 1744, 1753 (2017) (citations omitted).

[14] Defendant cites to a case from Texas but does not provide a valid citation.  It provides no other authority or analysis, and the entirety of its discussion regarding this issue totals one paragraph.

intended to apply to the USPTO for federal rights to its brand.  Plaintiff also asserted that it

followed through with its assertion and applied with the USPTO, and within one hour of its filing,

Defendant also filed with the USPTO.  In their filings with the USPTO, Plaintiff stated that it first

used the brand in May 2018 and Defendant stated that it first used the name in June 2019.

The mere fact that Plaintiff referenced federal trademark law and certain facts relating to

its application to the USPTO does not demonstrate federal issues or that removal is proper.

Plaintiff's allegations are statements of fact and are not presented as questions of law.  Plaintiff

does not present these facts as requiring interpretation of federal law.  In addition, Plaintiff does

not include any cause of action referencing federal law.  Instead, Defendant attempts to make these

facts an issue and defense.  As noted above, "[w]hen determining whether a claim arises under

federal law, we examine the well pleaded allegations of the complaint and ignore potential

defenses."[15]   Furthermore, the mere assertion of a federal defense "does not convert a suit

otherwise arising under state law" into one arising under federal law.[16]  Accordingly, the Court

does not find a basis for federal jurisdiction from Plaintiff's Petition.

### B.      Attorney's Fees

Plaintiff also requested that it be awarded its costs, expenses, and attorney's fees, incurred

as a result of the removal.  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may

require payment of just costs and any actual expenses, including attorney fees, incurred as a result

---

[15] *Dutcher*, 733 F.3d at 985 (quotation marks and citation omitted).

[16] *See Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation,* 770 F.3d 944, 948 (10th Cir. 2014) (quotation marks and citation omitted).

of the removal."  It is within the court's discretion as to whether to award attorney's fees.[17]  "It is

the propriety of the removal, and not the existence of bad faith, which is determinative."[18]  In

addition, "[t]he proper standard to be used by this court is whether defendant[] 'had objectively

reasonable grounds to believe the removal was legally proper' at the time of removal."[19]

Here, Defendant concedes that Plaintiff alleges state law claims.  Defendant's argument

for the propriety for removal is unsupported by case law.  In addition, Defendant fails to cite to

relevant case law to support its position and fails to provide appropriate citations to the Court.

Finally, as noted above, case law contradicts Defendant's position.  Thus, the Court finds that

Defendant did not have an objectively reasonable ground to believe that removal was proper.

Accordingly, the Court awards Plaintiff its just costs, expenses, and attorney's fees.

The Court has a duty to ensure attorney's fees awarded pursuant to § 1447(c) are

reasonable.[20]  The parties shall follow the procedures set forth D. Kan. Rule 54.2 in resolving the

amount of attorney's fees and costs.  If agreement is reached, the parties shall file the appropriate

stipulation and request for order. If no agreement is reached on this issue, Plaintiff shall submit a

motion, properly supported by affidavits and records, setting forth the amount of and manner of

calculating the attorney's fees and costs and addressing the reasonableness of the request.  This

motion shall be submitted within 30 days of this Order.  Defendant shall have 10 days after

Plaintiff's motion to file any objections.

---

[17] *City of Neodesha v. BP Corp. N. Am. Inc.*, 355 F. Supp. 2d 1182, 1189 (D. Kan. 2005) (citing *Martin v. Franklin Capital Corp*., 393 F.3d 1143, 1146 (10th Cir. 2004)).

[18] *Id.* (citing *Martin*, 393 F.3d at 1146-47).

[19] *Id.* at 1190 (citing *Martin*, 393 F.3d at 1147).

[20] *Id*. (citing *Huffman v. Saul Holdings Ltd. P'hip*, 262 F.3d 1128, 1134 (10th Cir. 2001)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**.  The Court remands this case to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that Plaintiff is awarded costs and expenses, including reasonable attorney's fees, incurred as a result of this removal.  The parties shall follow the procedures set forth D. Kan. Rule 54.2 in resolving the amount of attorney's fees and costs.  If agreement is reached, the parties shall file the appropriate stipulation and request for order.  If no agreement is reached on this issue, Plaintiff shall submit a motion, properly supported by affidavits and records, setting forth the amount of and manner of calculating the attorney's fees and costs and addressing the reasonableness of the request.  This motion shall be submitted **within 30 days** of this Order.  Defendant shall have 10 days after Plaintiff's motion to file any objections.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE